IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **WILLIAM SHAW** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 3:06CV429WA** |
| **CIRCUIT COURT CLERK CAROL B.** **SWILLEY**, Circuit Clerk Rankin County, MS; **COMMISSIONER MDOC CHRISTOPHER EPPS; SUPERINTENDANT, CMCF, MARGARET BINGHAM; DONNA FOSTER,** Nurse Practitioner at CMCF/Medical Class Unit (720); **BELINDA YEAGER,** Administrative Nurse; **DR. KENTRELL LIDDELL** and **MARQUETT WILLIAMS,** Medical Director | **DEFENDANTS** |

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 29th day of January, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Preston Lee and John Clay. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff, William Shaw, claims that he has received inadequate medical care. His primary claim is that, as he is housed in the medical unit at CMCF, he is not getting adequate outdoor exercise, in light of his previous lung cancer and pre-existing breathing problems. He claims that the cigarette smoke in the building makes it imperative that he be permitted yard call longer than the twenty to forty minutes that is customary in that unit. According to Shaw, he was given a "medical profile" by one Defendant, Nurse Foster, that permitted him to get out and walk, but Defendant Nurse Yeager took it away from him. He further claims that he had to file three sick call slips to get a flu shot and refills of his medication. Shaw has also sued the Circuit Clerk of Rankin County, Carol B. Swilley, after she failed to return a filing fee after he withdrew his claims in a case pending there. Swilley has moved to dismiss and for summary judgment.

2. **DISCOVERY ISSUES and PENDING MOTION**

Defense counsel will be required to provide Shaw and the court with a copy of his institutional medical records, as well as his jail records. These records may be authenticated by affidavit for use in support of subsequent motions or at trial, where they may be admitted as a general exhibit. No testimony from a physician or other health care provider will be required at trial. They will also be required to provide the Plaintiff and the court with a copy of the policy for yard call for CMCF's medical facility. There are no other discovery matters pending, except for those set forth herein, which will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3. **TRIAL WITNESSES**

The Plaintiff was instructed to submit to the court a list of inmate witnesses, not to exceed three, to testify on his behalf at the trial of this matter. When a trial date is set, the court will order that subpoenas *ad testificandum* issue for those persons, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the Defendants shall produce the records described above to the Plaintiff by February 28, 2007. The deadline for submitting motions in this matter is March 30, 2007. If necessary, the trial will be scheduled after that date.

IT IS FURTHER ORDERED that the Plaintiff respond to Defendant Swilley's Motion for Summary Judgment and Motion to Dismiss on or before February 28, 2007.

IT IS SO ORDERED, this the 6th day of February, 2007.

                                                   S/Linda R. Anderson
                                       UNITED STATES MAGISTRATE JUDGE